**WO**

NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>MARTIN G. FRASER; DON W. WATSON; EDWARD W. O'BRIEN; GARY M. OPPER,<br><br>　　　　Defendants. | No. CV-09-00443-PHX-GMS<br><br>**ORDER** |

Pending before the Court is the Motion to Intervene and Stay Proceedings of the United States ("the Government"). (Dkt. # 24.) For the following reasons, the Court grants the motion in part and denies the motion in part.

**BACKGROUND**

On March 5, 2009, the Securities and Exchange Commission ("SEC") filed its Complaint against Defendants Fraser, Watson, O'Brien, and Opper, all of whom were officers of CSK Auto Corporation ("CSK"). (Dkt. # 1.) The Complaint asserts that Defendants violated the securities laws by fraudulently hiding uncollectible receivables, over-recognizing vendor allowances, and misrepresenting CSK's financial performance. Specifically, the Complaint seeks relief on eight claims: (1) fraud in the offer or sale of securities; (2) fraud in connection with the purchase or sale of securities; (3) violations of the

SEC's periodic reporting requirements; (4) record-keeping violations; (5) internal controls violations; (6) circumventions of internal controls and falsification of records; (7) false statements to accountants; and (8) certification violations. (*Id.* at 23-29.) Claims one through six are asserted against all defendants, claim seven against Defendants Fraser, Watson, and O'Brien only, and claim eight against Defendant Watson only. (*Id.*)

There are also two criminal cases arising out of the same alleged conduct pending in this District: CR-09-00365 (involving obstruction of justice charges against Defendants O'Brien and Opper, both of whom have pled guilty), and CR-09-00372 (alleging conspiracy, securities fraud, false SEC filings, mail fraud, false books and records, false statements to an auditor, and false certifications of financial reports against Defendants Fraser and Watson).

The Government, which is prosecuting the criminal cases, has now moved to intervene in this case and to stay the civil action pending resolution of the criminal cases. (Dkt. # 24.) The SEC has filed a notice of non-opposition (Dkt. # 37), and Defendants Fraser and Watson have filed responses opposing the stay (Dkt. ## 28, 34).

**DISCUSSION**

**I.   Intervention**

The Government asserts that it may intervene on a permissive basis pursuant to Federal Rule of Civil Procedure 24(b).[1] That rule provides that "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1), (b)(1)(B). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

In this case, all the requirements for permissive intervention are met. The Government's motion was timely because it was filed early on in the case, there has been no delay in filing the motion, and no prejudice or delay is apparent from permitting intervention.

---

[1] Because the Court concludes that the government may intervene on a permissive basis, the Court need not reach the Government's argument that it may also intervene as a matter of right.

- 2 -

*See Day v. Apoliona*, 505 F.3d 963, 965 (9th Cir. 2007) ("Determination of the timeliness of a motion to intervene depends upon (1) the stage of the proceeding, (2) the prejudice to other parties, and (3) the reason for and length of the delay.") (internal quotations omitted).  Also, there are a number of questions of law and fact common to both the civil and criminal cases (namely, whether Defendants violated various provisions of the securities laws).  Moreover, none of Defendants have voiced opposition to intervention.  Under these circumstances, the Government's intervention is permissible under Rule 24(b).  *See, e.g.*, *Sec. & Exch. Comm'n v. Chestman*, 861 F.2d 49, 50 (2d Cir. 1988) (permitting governmental intervention in circumstances similar to this case); *Sec. & Exch. Comm'n v. Nicholas*, 569 F. Supp. 2d 1065, 1068 (C.D. Cal. 2008) (collecting cases and explaining that "numerous courts have allowed the United States government to intervene in a civil case for the purpose of moving to stay discovery and other proceedings until resolution of a related criminal case").  The Court therefore permits the Government's intervention in this case.

**II.     Stay**

The Government next asserts that this civil action should be stayed pending resolution of the related criminal cases.  "In the absence of substantial prejudice to the rights of the parties involved, simultaneous parallel civil and criminal proceedings are unobjectionable under our jurisprudence." *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995) (internal quotations and brackets omitted).  However, "a court may decide in its discretion to stay civil proceedings when the interests of justice seem to require such action." *Id.* (internal quotations, brackets, and ellipsis omitted).

The Ninth Circuit has laid out a multi-factor balancing test for determining when to stay civil proceedings in the face of simultaneous and parallel criminal proceedings. *See id.* at 324-25.  Specifically, the Court must consider: (1) the extent to which Fifth Amendment rights are implicated; (2) the interest of the plaintiff in proceeding expeditiously with the litigation or any particular aspect thereof, and the potential prejudice delay would cause to the plaintiff; (3) the burden that any particular aspect of the proceedings may impose on the defendant; (4) the convenience of the court in the management of its cases, including the

- 3 -

efficient use of judicial resources; (5) the interests of non-parties; and (6) the interest of the public in the pending civil and criminal cases. *See id.*

The factors most relevant here are Defendants'[2] interest in the speedy resolution of the cases against them and the interest of the Government as intervenor in the prosecution of the parallel criminal case.[3] *See United States v. Fin. Indus. Regulatory Auth.*, --- F. Supp. 2d ---, 2009 WL 947064, at *1 (E.D.N.Y. 2009) ("*FINRA*") ("Determining whether to enjoin a civil proceeding in the face of a related criminal case is essentially a question of balancing the private parties' interest in a prompt resolution of the civil matter with the government's interest in preserving the integrity of the criminal proceeding."). Here, the Government argues that its criminal case against Defendants Fraser and Watson will be undermined if the civil case proceeds because the "deposition testimony and other information that the defendant[s] would be able to obtain through the civil discovery rules would essentially hand

---

[2] Only Defendants Fraser and Watson have filed responses opposing the stay. Defendants O'Brien and Opper have not articulated arguments either way, and thus the Court will only evaluate the potential prejudice visited upon Defendants Fraser and Watson.

[3] The other factors do not significantly weigh in favor of either outcome. With respect to the first factor, it is those Defendants whose Fifth Amendment rights are implicated that oppose the stay, and thus they have themselves elected to be put in the position of having to decide whether to assert their Fifth Amendment rights. Second, the SEC does not articulate any interest in a stay (it simply does not oppose one). (*See* Dkt. # 37.) As to the fourth factor, while proceedings in the criminal case might refine issues in the civil case, the opposite could also be true, and thus judicial economy may just as well be served by conducting the civil case together with the criminal case. In any event, "it is unrealistic [for the Court] to rely upon fortuitous events to manage its docket." *Digital Equip. Corp. v. Currie Enters.*, 142 F.R.D. 8, 14 (D. Mass. 1991). Fifth, the interests of non-parties (other than the now-intervened Government) are not implicated here. Sixth, although the public at large might be served by having a criminal case decided as a first priority over a parallel civil case, *see Nicholas*, 569 F. Supp. 2d at 1072, the public also has a significant interest in the prompt resolution of all lawsuits, both civil and criminal, *see Digital Equip.*, 142 F.R.D. at 14. Thus, none of these factors influence the analysis to any great degree.

- 4 -

1  the defendant[s] a road map to the United States' case, allowing them to tailor their defense
2  to what others say about them."  (Dkt. # 24 at 7.)[4]

3  The Government, however, offers only the conclusory allegation that the criminal case
4  might be harmed simply because civil discovery rules are more broad than criminal discovery
5  rules. Such a blanket assertion is not sufficient to establish the "substantial prejudice,"
6  *Keating*, 45 F.3d at 324, that is necessary to warrant granting a stay. *See United States v. All*
7  *Funds on Deposit*, 767 F. Supp. 36, 42 (E.D.N.Y. 1991) ("[M]ere conclusory allegations of
8  *potential* abuse or simply the *opportunity* by the claimant to improperly exploit civil
9  discovery . . . will not avail on a motion for a stay.") (quoting *United States v. Leasehold*
10 *Interests*, 754 F. Supp. 282, 287 (E.D.N.Y. 1990)); *Lizarraga v. City of Nogales*, No. CV-06-
11 474, 2007 WL 215616, at *3 (D. Ariz. Jan. 24, 2007) ("Conclusory allegations of potential
12 abuse or simply the opportunity for the plaintiff to exploit civil discovery are generally
13 unavailing to support a motion for stay.").[5]

14 Indeed, "[a]lthough courts have been receptive to Government stay requests in civil
15 cases brought by parties other than the Government, results in recent years have been
16 markedly different when the Government itself brings a civil lawsuit simultaneous with a
17 criminal proceeding." *Sec. & Exch. Comm'n v. Sandifur*, No. C05-1631, 2006 WL 3692611,

---

[4] Also, the parties agree that discovery in these cases is likely to be voluminous, and each party argues that this fact supports their position on whether the civil case should be stayed. (*See* Dkt. # 24 at 7; Dkt. # 28 at 7.)  Given the Court's limited knowledge of the discovery materials at issue, the Court cannot meaningfully evaluate whether the risk of delay to the criminal case outweighs the benefit to be gained by conducting discovery in both cases at the same time.  Regardless, in these circumstances it is Defendants Fraser and Watson who are most likely to be prejudiced by proceeding with both cases simultaneously, as only they are principal litigants in both the civil and criminal cases.  Because Defendants Fraser and Watson oppose the stay, the volume of discovery does not present a basis for staying the civil action.

[5] The Government notes that, in a later order, the *Lizarraga* court granted a stay. *See Lizarraga v. City of Nogales*, CV-06-474, 2008 WL 4079991, at *3-4 (D. Ariz. Aug. 29, 2008). It did so, however, based on complications caused by actual, specific discovery issues that arose, not based on the generalized and hypothetical argument that discovery abuses "might" occur. *See id.*

- 5 -

1 at *2 (W.D. Wash. Dec. 11, 2006). While at least one case has held that a civil proceeding 2 can be completely stayed in similar circumstances, *see Nicholas*, 569 F. Supp. 2d at 1072, 3 the vast majority of cases hold that such a stay is improper absent a specific showing of 4 prejudice that cannot be remedied by anything other than a complete stay of the civil 5 proceeding, *see FINRA*, --- F. Supp. 2d ---, 2009 WL 947064, at *1 ("In sum, the only 6 'prejudice' the Court can discern is that allowing the [civil proceeding] to go forward will 7 result in the criminal defendants having more information than they would otherwise be 8 entitled to at this stage under the Federal Rules of Criminal Procedure. This loss of the 9 government's usual tactical advantage is insufficient to justify enjoining the [civil 10 proceeding]."); *All Funds on Deposit*, 767 F. Supp. at 42 (denying the United States's motion 11 for a stay, despite its generalized arguments, because it "faile[d] to point to any specific 12 discovery request or abuse that has taken place or any other compelling reason why the 13 [civil] action should be stayed at [that] time."); *Sec. & Exch. Comm'n v. Oakford Corp.*, 181 14 F.R.D. 269, 272-73 (S.D.N.Y. 1998) ("[T]o the extent that the defendants' discovery requests 15 simply result in the happenstance that in defending themselves against the serious civil 16 charges that another government agency has chosen to file against them they obtain certain 17 ordinary discovery that will also be helpful in the defense of their criminal case, there is no 18 cognizable harm to the government in providing such discovery beyond its desire to maintain 19 a tactical advantage."); *U.S. Sec. & Exch. Comm'n v. Cioffi*, No. 08-CV-2457, 2008 WL 20 4693320, at *1-2 (E.D.N.Y. Oct. 23, 2008) (explaining that "[c]ourts are justifiably skeptical 21 of blanket claims of prejudice by the government where – as here – the government is 22 responsible for the simultaneous proceedings in the first place" and holding that "[t]he far 23 more sensible approach is to allow discovery to go forward, but to allow the U.S. Attorney 24 to object to particular requests"); *Sandifur*, 2006 WL 3692611, at *3 (rejecting the United 25 States's motion for a stay in circumstances similar to this case because it "failed to show any 26 real prejudice that would result from the simultaneous progression of both civil discovery and 27 the criminal case").

28

The Court agrees with these cases because, while the Government might experience some hardship in having civil and criminal actions proceed simultaneously, such a generalized concern does not, in and of itself, outweigh the very real hardship that will be visited upon Defendants if the civil case is stayed completely. *See Sandifur*, 2006 WL 3692611, at *3 ("[W]hen balanced against the interests of the Defendants, the Court, and the public at large in the efficient resolution of the civil matter, the United States's generalized arguments carry little weight."). The civil case, like the criminal case, asserts serious violations of the securities laws, and Defendants have a strong interest in being able to defend themselves against the SEC's allegations as quickly as possible. A complete stay of the civil case, however, will substantially prejudice Defendants' interest in the speedy resolution of the SEC's claims against them. In this case, the investigations underlying the civil and criminal proceedings have already been going on for years, and litigation may very well continue for years to come. Defendants Fraser and Watson are both in their mid-fifties. If the Court stays the civil case and they later prevail, Defendants will not only have needlessly suffered additional years of living under suspicion of these allegations, but they will also have lost valuable working years in which they could have supported themselves and their families.

In light of the significant interest Defendants have in resolving this issue as soon as possible, the Government's generalized argument that civil discovery is broader than criminal discovery is not sufficient to establish the "substantial prejudice" necessary to warrant a stay of the entire civil proceeding. *Keating*, 45 F.3d at 324. The preferred course of action in these circumstances is for the Court to evaluate the Government's specific objections to discovery requests as they arise and, "in lieu of a general stay, impose protective orders, seal interrogatories, impose a stay for a finite period of time, or limit a stay to a particular subject matter," if such remedies are warranted. *Lizarraga*, 2007 WL 215616, at *1 (brackets omitted). The Government may therefore seek such measures to the extent occasion presents itself.

///

**CONCLUSION**

While the Court permits the Government's intervention, a stay of the civil case is not warranted under these circumstances.

**IT IS THEREFORE ORDERED** that the Motion to Intervene and Stay Proceedings of the United States (Dkt. # 24) is **GRANTED IN PART** and **DENIED IN PART**.

DATED this 29th day of May, 2009.

*[signature: H. Murray Snow]*

G. Murray Snow
United States District Judge